**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-51217

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CANTRELL BLEDSOE,

Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas
USDC No. 5:08-CR-13-2

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Cantrell Bledsoe appeals her conviction after pleading guilty to one count of conspiring to make knowing, false, material representations to a federally-licensed gun dealer, in violation of 18 U.S.C. § 371, and § 922(a)(6). For the reasons set forth below, we AFFIRM.

Bledsoe admits to paying a third party to purchase her a handgun from a federally-licensed seller. That third party falsely stated that he was the "actual buyer" of the weapon, thus violating § 922(a)(6). Bledsoe further admits to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiring with this third party to make these false statements, thus violating § 371.

Bledsoe, who was nineteen at the time of the purchase, argues that the proscription in § 922(b)(1) on the sale of handguns by federally-licensed dealers to people under twenty-one violates her Second Amendment individual right to keep and bear arms, as recently recognized in *District of Columbia v. Heller*, 555 U.S. ----, 128 S. Ct. 2783, 2822 (2008). Bledsoe further argues that the overall age scheme in § 922 violates the equal protection component of the Due Process Clause of the Fifth Amendment.

We do not need to reach the substance of Bledsoe's arguments. Bledsoe is not being charged with violating § 922(b)(1), but of conspiring to make a false material statement in the purchase of a firearm, which she admitted doing. The Supreme Court has stated that "a claim of unconstitutionality will not be heard to excuse a voluntary, deliberate and calculated course of fraud and deceit. One who elects such a course as a means of self-help may not escape the consequences by urging that [her] conduct be excused because the statute which [s]he sought to evade is unconstitutional." *Dennis v. United States*, 384 U.S. 855, 867, 86 S. Ct. 1840, 1847 (1966). Indeed, even assuming the Government could not constitutionally prohibit Bledsoe from purchasing a firearm, "it cannot be thought that as a general principle of our law a citizen has a privilege to answer fraudulently a question that the Government should not have asked." *Bryson v. United States*, 396 U.S. 64, 72, 90 S. Ct. 355, 360 (1969). "Our legal system provides methods for challenging the Government's right to ask questions – lying is not one of them." *Id.* (footnote omitted).

AFFIRMED.